Gloria TREVINO; Julio Trevino,
Plaintiffs-Appellants

v.

ELLIS COUNTY, TEXAS; Dr. Wayne
Fortner; Johnny Brown, in his official
capacity as Sheriff of Ellis County
Texas and official in charge of the
Ellis County Jail; Harry Ogden, both
individually and in his official capaci-
ty as Captain of the Ellis County Jail,
Defendants-Appellees

No. 16-11560
Summary Calendar

United States Court of Appeals,
Fifth Circuit.

Filed January 25, 2018

John E. Richards, Esq., Richards & Val-
dez, Dallas, TX, for Plaintiffs-Appellants

David Randall Montgomery, Esq., D.
Randall Montgomery & Associates,
P.L.L.C., Dallas, TX, for Defendants-Ap-
pellees Ellis County, Texas, Johnny
Brown, Harry Ogden

Nichol L. Bunn, Litigation Counsel, Am-
ber Pickett, Lewis, Brisbois, Bisgaard &
Smith, L.L.P., Dallas, TX, for Defendant-
Appellee Dr. Wayne Fortner

Before BENAVIDES, SOUTHWICK,
and COSTA, Circuit Judges.

PER CURIAM: *

The plaintiffs brought this civil rights
action under 42 U.S.C. § 1983, asserting

that the defendants were deliberately in-
different to Juan Trevino's medical needs
while he was incarcerated in the Ellis
County Jail, resulting in his death. Specifi-
cally, the plaintiffs alleged that the defen-
dants, upon learning that the terminally ill
Trevino would likely die soon, elected to
transfer him to another county pursuant to
a detainer rather than continue his medical
care in Ellis County. The district court
granted summary judgment for the defen-
dants. We affirm.

Plaintiffs alleging that prison officials
were deliberately indifferent to the serious
medical needs of prisoners must show that
that the officials acted with "deliberate
indifference" to a "substantial risk of seri-
ous harm" resulting from a deprivation of
medical care. *Gobert v. Caldwell*, 463 F.3d
339, 345-46 (5th Cir. 2006). This is a strin-
gent standard of fault, found only when
the evidence shows that prison officials
recklessly disregarded a known, substan-
tial risk of serious bodily harm by failing
to take reasonable measures to abate that
harm. *Connick v. Thompson*, 563 U.S. 51,
61, 131 S.Ct. 1350, 179 L.Ed.2d 417 (2011).

Reviewing this matter de novo, we agree
with the district court that the plaintiffs
failed to show a genuine dispute as to any
material fact in this case and, thus, that
the defendants were entitled to judgment
as a matter of law. *See* FED. R. CIV. P.
56(a); *McFaul v. Valenzuela*, 684 F.3d 564,
571 (5th Cir. 2012). Uncontroverted deposi-
tion testimony established that neither
Brown nor Ogden was involved in the deci-
sion to transfer Trevino. *See Thompkins v.
Belt*, 828 F.2d 298, 304 (5th Cir. 1987). The
plaintiffs further offered no evidence of a
causal connection between Brown's and
Ogden's conduct and Trevino's transfer or

---

* Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under

the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

of an unconstitutional policy implemented by Brown that led to the transfer. *See id.* Their suggestion that Brown and Ogden had a duty to step in and halt his transfer effectively argues for vicarious liability, which is not a basis for relief. *See Davidson v. City of Stafford, Texas,* 848 F.3d 384, 395 (5th Cir. 2017).

The plaintiffs likewise presented no evidence of an official Ellis County policy or regulation, or of an employee practice so common and widespread as to be the equivalent of policy, that directly caused the asserted violation of Trevino's rights, let alone that Ellis County adopted any such policy with deliberate indifference. *See In re Foust,* 310 F.3d 849, 862 (5th Cir. 2002); *Brown v. Bryan Cty., OK,* 219 F.3d 450, 457 (5th Cir. 2000). Their contention that various actions by the defendants and others reflected, or were dictated by, a formal policy of neglecting the needs of critically ill inmates is wholly speculative. *See Forsyth v. Barr,* 19 F.3d 1527, 1533 (5th Cir. 1994). Moreover, Ellis County may not be held liable through the actions of Brown because Brown is not himself liable under § 1983. *See City of Los Angeles v. Heller,* 475 U.S. 796, 799, 106 S.Ct. 1571, 89 L.Ed.2d 806 (1986).

Finally, nothing in the record suggests that Fortner was deliberately indifferent to Trevino's medical needs, let alone that he intended to cause Trevino "unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *Stewart,* 174 F.3d at 534. There is no evidence that Fortner was part of—or even aware of— the decision to transfer Trevino, and the plaintiffs cite no compelling authority for their assertion that Fortner's actions toward Trevino constituted abandonment or were made with reckless disregard for a known substantial risk of serious bodily harm. *See Gobert,* 463 F.3d at 346. Rather, the plaintiffs' critiques of Fortner's various treatment decisions over the course of Trevino's 11-month incarceration reflect their mere disagreement with his professional decisionmaking. *See Stewart v. Murphy,* 174 F.3d 530, 537 (5th Cir. 1999).

The judgment is AFFIRMED.